TROMLEY & CO. *v.* STEWART.

BILLS AND NOTES—WAIVER OF PRESENTMENT.
    An indorser of a note under 2 Comp. Laws 1915, § 6104,
    who waived presentation, demand, protest, and notice of
    protest, was not entitled to notice of presentment and
    dishonor (sections 6150, 6151), and therefore lack of notice
    was no defense to an action on the note.

Error to Wayne; Dunham (Major L.), J., presiding.
Submitted June 5, 1928.    (Docket No. 16, Calendar
No. 33,541.)    Decided July 24, 1928.

Assumpsit by Tromley & Company against Charles
Stewart and Archie Stewart on a promissory note.
Summary judgment for plaintiff.    Defendant Archie
Stewart brings error.    Affirmed.

*Valois E. Crossley,* for appellant.

*Maynard & Maynard (Perry A. Maynard,* of coun-
sel), for appellee.

POTTER, J.    Charles Stewart, son of Archie Stewart,
bought an automobile of plaintiff for $1,597.45, giving
therefor his promissory note dated June 6, 1926.    This
note was indorsed on the back as follows:

"For value received.................hereby waive
presentation, demand, protest, and notice of protest on
the within note.

                    Signed "ARCHIE STEWART."

The note was payable in instalments.    The maker
having failed to pay the instalments, suit was in-
stituted against defendants, and a declaration on the
common counts in assumpsit filed.    A bill of particu-
lars and later an amended bill of particulars were filed.

These set up the note and the indorsement above set forth. Plaintiff, by its attorneys, made a motion for a summary judgment against defendants. In connection therewith it filed an affidavit of the secretary and treasurer of plaintiff which set forth that defendant Archie Stewart indorsed the note, waiving presentation, demand, protest, and notice of protest.

Defendant Archie Stewart filed an affidavit of merits alleging he never received any notice of dishonor of the note. There was no denial of the terms and conditions of his indorsement. The court rendered summary judgment, and defendant Archie Stewart brings error.

The sole question involved is whether defendant Archie Stewart was entitled to notice of presentation and dishonor. We do not think so. He was an indorser. 2 Comp. Laws 1915, § 6104. An indorser may waive presentment to the maker for payment and notice of dishonor. 2 Comp. Laws 1915, §§ 6150, 6151.

Defendant Archie Stewart did so.

Judgment affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.